UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-23491

DANIELLA SOSA,

    Plaintiff,

vs.

GASTROMED, LLC,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Daniella Sosa, sues Defendant, GastroMed, LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Daniella Sosa**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendant.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, GastroMed, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because

1

most if not all of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### ***Background Facts***

10. Defendant was Plaintiff's direct employers, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant' business an enterprise covered under the Fair Labor Standards Act.

12. Defendants at all times material had at least two or more employees engaged in interstate commerce in the course of its provision of medical care, diagnosis, and treatment to patients on behalf of corporations located outside of the State of Florida.

13. Defendant at all times material engaged in interstate commerce in the course of its provision of medical care, clinical trials, and services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

14. Defendant also engaged in interstate commerce in the course of its regularly and routinely submitting billings to and receiving payment(s) from out-of-state medical, governmental, and insurance payors.

15. Furthermore, Defendant regularly and recurrently obtained, solicited, exchanged and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information its computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendant also engage in commerce through the internet on their website, https://www.gastromedmiami.com/, which site it registered through Network Solutions, LLC (a foreign corporation).

17. Defendant' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

19. Plaintiff worked for Defendant from approximately August 5, 2018 to August 31, 2021.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

21. Plaintiff worked her way up from working as a front desk clerk to a medical assistant for Defendant.

22. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

Plaintiff's work for Defendant in the course of her work for Defendant.

23. Plaintiff utilized goods, materials, computers, software, materials, and supplies that were provided to her by Defendant and that traveled in interstate commerce prior and/or subsequent to her use of the same.

### **Liability**

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendant.

25. In order to maximize profits and decrease its labor costs, Defendant would automatically deduct 30 minutes for a meal break for each day that Plaintiff worked, even though Plaintiff was not relieved of all work duties during those 30 minutes each day.

26. Defendant failed and refused to pay Plaintiff all of the overtime wages that she earned, calculated at time and one-half of Plaintiff's regular hourly rate of pay, for all hours Plaintiff worked over 40 hours in a given workweek.

27. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period by automatically and/or manually deducting time that she worked.

28. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

29. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

4

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Daniella Sosa, demands the entry of a judgment in her favor and against Defendant, GastroMed, LLC, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Daniella Sosa, demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of September 2021,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*